IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

RECEIVED
ASHEVILLE, NC
JUL 0 1 2020
U.S. DISTRICT COURT
W. DISTRICT OF N C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. **1:20CR**60 |
| | ) | |
| | ) | **BILL OF INFORMATION** |
| VS. | ) | |
| | ) | |
| | ) | Violations: |
| | ) | 21 U.S.C. § 841(a)(1) |
| AMANDA DALE TRULL | ) | 21 U.S.C. § 846 |
| | ) | |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

## COUNT ONE

From at least as early as October 2015 and continuing on or about January 19, 2017, in Buncombe County, within the Western District of North Carolina and elsewhere, the defendant,

**AMANDA DALE TRULL,**

did knowingly and intentionally conspire and agree with other persons, known and unknown to the United States, to distribute and to possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, also known as "MDMA" and "Ecstasy," a Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Accordingly, Title 21, United States Code, Section 841(b)(1)(C) is applicable to the defendant.

## COUNT TWO

On or about January 19, 2017, in Buncombe County, within the Western District of North Carolina and elsewhere, the defendant,

1

AMANDA DALE TRULL,

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine, also known as "MDMA" and "Ecstasy," a Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

Notice is hereby given of 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with Section 853:

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of information;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above:

1. approximately $16,386 in United States currency seized during the course of the investigation.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
CHRISTOPHER S. HESS
ASSISTANT UNITED STATES ATTORNEY